# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHELLE L. MITCHELL,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　Case No. 6:10-cv-1913-Orl-22DAB

**TUESDAY MORNING, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED MOTION FOR REMAND (Doc. No. 21)**
>
> **FILED:** March 3, 2011
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On August 18, 2010, Plaintiff sued her employer Defendant Tuesday Morning, Inc., in state court alleging pregnancy discrimination and a hostile work environment in violation of the Florida Civil Rights Act (only). Doc. 2. After the case was removed, Plaintiff amended her complaint to state that damages sought are less than the jurisdictional minimum, and moved for remand. Doc. 21. Because the Court finds that Tuesday Morning has not met its burden to show that the amount in controversy meets the jurisdictional minimum, it is respectfully **RECOMMENDED** that the case be **REMANDED** to the state court from which it was removed.

**I. Procedural History**

On August 18, 2010, Plaintiff filed her civil action against Tuesday Morning in the Eighteenth Judicial Circuit in and for Seminole County, Florida (Case No. 10-CA-5626-16-G). On December 22, 2010, Tuesday Morning timely filed a Notice of Removal, alleging subject matter jurisdiction on the basis of diversity. Doc. 1.

On December 23, 2010, the Court ordered Tuesday Morning to show cause why the case should not be remanded to state court for lack of sufficient amount in controversy to support diversity jurisdiction. Doc. 5. On January 6, 2011, Tuesday Morning filed its Response to the Court's Order. Doc. 10. On January 24, 2011, Tuesday Morning filed its Motion to Dismiss the Complaint. Doc. 14. On February 7, 2011, Plaintiff filed her Response in Opposition to Defendant's Motion to Dismiss (Doc. 16), and three weeks later, on March 1, 2011, filed her Amended Complaint in which she pled an amount in controversy of less than $75,000 inclusive of attorney's fees and costs. Doc. 20. Plaintiff also moved for remand of the case on March 3, 2011. Doc. 21. Plaintiff filed a revised Amended Complaint on March 9, 2011 with the same damages sought. Doc. 27. Tuesday Morning moved to strike the revised Amended Complaint (Doc. 29), and the presiding District Judge, Chief Judge Conway, denied the Motion (Doc. 30) because the case was still early in the proceedings and the deadline to amend had not passed. Tuesday Morning filed its Motion to Dismiss on April 4, 2011.

**II. Analysis**

Based on the lack of sufficient allegations in the Notice of Removal (Doc. 1) and Plaintiff's Revised Amended Complaint limiting her damages to less than $75,000, it appears that the Court lacks the requisite amount in controversy for diversity jurisdiction to remain in this Court. However, Tuesday Morning argues in its Response to the Motion to Remand (Doc. 31) that the Court does have subject matter jurisdiction based on the "damages claimed by Plaintiff at the time of removal, which

is the proper time to determine diversity jurisdiction, the amount in controversy more likely than not exceeds the jurisdictional threshold of $75,000"; damages in excess of $75,000 have been awarded to other plaintiffs with allegedly similar claims; and Plaintiff has not *stipulated* to claimed damages below $75,000.  Doc. 31.

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."  A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The parties here are of diverse citizenship, thus, the only jurisdictional prerequisite at issue here is the amount in controversy.

It is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; uncertainties are resolved in favor of remand.") Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

The Eleventh Circuit has set forth a procedure for trial courts to follow in determining whether the jurisdictional amount is satisfied at the time of removal:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

*Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The court may consider evidence submitted after the notice of removal is filed. *Id.* A defendant may make specific factual allegations establishing jurisdiction supported by evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

Tuesday Morning argues that the amount in controversy is measured on the date on which the court's diversity jurisdiction is first invoked, *i.e.*, the date of removal, and the original Complaint failed to specify a damages amount, so therefore the Court should consider only the damages as stated at the time of removal, citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). While Tuesday Morning has correctly summarized the law, it misapplies it to the case at hand.

"Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (citing *Pretka*, 608 F. 3d at 754). Courts in this circuit may also use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe*, 613 F.3d at 1061-62 (citing *Pretka*, 608 F. 3d at 754). "A district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Roe*, 613 F.3d at 1062 (holding that district court was entitled to rely on judicial experience and common sense in finding that plaintiff's claim under the Alabama Wrongful Death Act more likely than not exceeded the jurisdiction minimum) (quoting *Pretka*, 608 F. 3d at 770).

Plaintiff's original Complaint was "indeterminate" in that "the plaintiff ha[d] not pled a specific amount of damages, [thus] the removing defendant must prove by a preponderance of the

-4-

evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1320. The burden was on Tuesday Morning to show the jurisdictional amount was satisfied. *See id.* at 1319.

Instead, Tuesday Morning's jurisdictional allegations in the Notice of Removal were insufficient, and the Court expressed its doubt as to the amount in controversy by issuing an order to show cause the day after the Notice of Removal (with the Complaint) was filed. Doc. 5. Tuesday Morning has failed to supply the Court with published precedent or any other evidence showing that the damages in similar cases exceeded the jurisdictional threshold. *See, e.g., DeAguilar v. Boeing Company*, 11 F.3d 55, 58 (5th Cir. 1993) (defendant offered published precedent showing damages in similar cases involving airline crashes); *Beardsworth v. Board of Commissioners*, 1995 WL 617585 at *3 (Oct. 18, 1995) (remanding for insufficient amount in controversy upon review of published damages awards for injuries similar to plaintiff's). In response to the Order to Show Cause, Tuesday Morning instead rather generically cites a civil right case, *Myers v. Central Florida Investments, Inc.*, 592 F.3d 1201 (11th Cir. 2010) in which the plaintiff was awarded $100,000 in compensatory damages, but neglects to discuss the facts of that case[1] – involving sexual harassment including battery and other harassment over a five year period – that make it similar in any way to Plaintiff's pregnancy discrimination case. Doc. 10 at 3. The second case involving FCRA claims for a hostile environment cited by Tuesday Morning, *Speedway SuperAmerica, LLC v. DuPont*, 933 So. 2d 75, 78 (Fla. 5th DCA

---

[1]The Court was the assigned Magistrate Judge and is very familiar with the facts of the case. Case No. 6:04cv1542-28DAB. The Eleventh Circuit also noted that the damages award "imprecisely" reflected the value of the plaintiff's time, as her annual salary at that time was approximately $102,000. Tuesday Morning has provided no evidence of Plaintiff's salary in this case.

2006)[2], does not involve claims of pregnancy discrimination, and involved far more extreme behavior; damages were based on unwelcome physical/sexual touching and advances, threats of physical violence, raging and screaming, throwing things, and other demeaning behavior directed at females. *Id.* at 81-82, 86. Tuesday Morning mischaracterizes this more extreme behavior of the harasser in the *Speedway* case, describing it as the co-worker telling "dumb blond jokes," and calling the plaintiff "stupid" or "dumb." *See* Doc. 10 at 3. The harasser's behavior was clearly much more egregious in that it was physical and violent. *Speedway SuperAmerica*, 933 So. 2d 75 at 81-82, 86.

The third case cited by Tuesday Morning, *E.E.O.C. v. W&O, Inc.*,[3] is also unhelpful in demonstrating a "more likely than not" individual recovery in a pregnancy discrimination hostile environment case because it involved an EEOC suit challenging a blanket policy against restaurant waitresses working past their fifth month of pregnancy, and the restaurant lost at the summary judgment stage, and there was sufficient evidence for the jury (on damages) to find that the restaurant's blanket policy was enacted with reckless indifference to the civil rights of the pregnant employees after the FMLA was enacted. 213 F.3d 600, 612 (11th Cir. 2000).

In this case, Plaintiff complains of individualized behavior by a single supervisor and not a blanket policy challenged by the EEOC. Tuesday Morning apparently has chosen the most self-serving cases with compensatory and punitive damage awards totaling more than $75,000, and providing either cursory details, or none at all. More importantly, Tuesday Morning completely fails to discuss the particular facts of Plaintiff's case[4] and analogize them to the three principal cases it cites.

---

[2] The plaintiff recovered $40,000 in compensatory and $40,000 in punitive damages.

[3] Punitive damages award of $100,000 was affirmed.

[4] The Revised Amended Complaint alleges that a supervisory employee made offensive comments to or about Plaintiff that "pregnant women are lazy," Gosh you need an extra, extra large shirt"; and "Things were going to [her] head because [she] was pregnant." Doc. 27 at 4. He also allegedly told coworkers that Plaintiff abused cocaine and alcohol. Doc. 27 at 5. No offensive touching or violence is alleged, as a basis for comparison to the cases cited.

For instance, in *W&O,* there is discussion of backpay as the basis of the punitive damage award. 213 F.3d at 616 (three individual plaintiffs' backpay awards consisted of $26,231; $3,800; and $6,225). In this case, Tuesday Morning has not supplied any information whatsoever on any potential backpay or frontpay award. The Court has no idea how long Plaintiff was even employed at Tuesday Morning – but it was at least through February 2010 (*see* Doc. 27) and she may even currently remain employed there – and Tuesday Morning has failed to give any approximation of a damages claim for backpay for the promotion Plaintiff alleges she was denied, which would usually be included in any damages award for an employment discrimination case. Tuesday Morning cites *Kok v. Kadant Black Clawson, Inc.*, for the proposition that the case was properly removed because the plaintiff's attempt to "disavow any recovery beyond $74,999" rang hollow. 274 Fed. Appx. 856, 857 (11th Cir. 2008). However, the holding of *Kok* is distinguishable from the posture of this case because the basis for the denial of the remand in *Kok* was the employer's *projected calculation of the plaintiff's recovery for back pay* from the date of his termination to trial, estimated at $95,000, where the employer submitted the plaintiff's W-2 form listing the plaintiff's gross pay and an affidavit stating his benefits within the same period. *Id*. The Eleventh Circuit held that the employer had established that, at the time of removal, the plaintiff's complaint for damages exceeded the amount in controversy required for diversity jurisdiction based on this payroll evidence. *Id*.   Similarly, in *Akhdary v. Blackbird Technologies, Inc.,* Judge Bucklew refused to remand a case where the defendant employer in its notice of removal, in support of its position that the jurisdictional amount in controversy was met, attached a salary table 2007 listing the range of possible salaries that the plaintiff could have made between $75,414 and $98,041, which was a general measure for Plaintiff's unspecified lost future wages establishing that the amount in controversy more likely than not exceeded $75,000. Case No.

8:07-cv-395, 2007 WL 1064213, *2 (M.D. Fla. April 6, 2007). Tuesday Morning has supplied no such salary information for Plaintiff, though it easily could have done so.

Tuesday Morning also argues that Plaintiff's claims meet the jurisdictional minimum because Plaintiff has chosen not to stipulate to damages below the jurisdictional threshold of $75,000. As the Eleventh Circuit pointed out in *Williams*, where the only jurisdictional fact alleged in support of the assertion that the jurisdictional minimum was met was that the plaintiff refused to stipulate that her claims did not exceed $75,000, such a failure to stipulate was inconclusive. *Williams*, 269 F.3d at 1320. "There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [defendant's] burden of proof on the jurisdictional issue." *Id.*

In this case, independent of any subsequent amendment provided by the Plaintiff after the removal[5], Tuesday Morning has failed to provide any evidence of Plaintiff's potential recovery, other than citation to inapposite cases. Tuesday Morning's arguments about Plaintiff's potential recovery of statutory[6] attorney's fees exceeding $75,000 is equally unavailing in that its argument is based on an inapposite race case with extraordinary facts[7] and citation to two other unpublished (and unattached) cases[8]. To find that Plaintiff's fees would exceed $75,000 simply based on citation to one other published case in which the fees exceeded the amount would otherwise would entitle virtually

---

[5] The Court gives no weight to Plaintiff's allegation that the damages inclusive of attorney's fees and costs are in an amount less then $75,000. Doc. 27 ¶ 2.

[6] *See* Fla. Stat. § 760.11.

[7] *Goldsmith v. Bagby Elevator Co., Inc*., 513 F. 3d 1261, 1275 (11th Cir. 2008) (in single-plaintiff Title VII discrimination and retaliation action, awarding $151,210.00 in attorneys' fees, $54,000 in compensatory damages, and $500,000 in punitive damages where plaintiff experienced a racially hostile environment including repeated, unabated racial slurs and threats of violence and evidence that other black employees were terminated or demoted after they complained about racial slurs).

[8] Tuesday Morning cited two unpublished/unavailable cases with the following parentheticals*: Commella v. City of Hollywood*, Case No. 94-6468 (S.D. Fla. June 2, 1998) (in single-plaintiff sexual harassment and retaliation action, awarding $191,524.75 in attorneys' fees); *Tuttle v. City of N. Miami*, Case No. 95-710 (S.D. Fla. Aug. 24, 1998) (awarding $96,250.00 in attorneys' fees in single-plaintiff Title VII and FCRA action).

all claims with potential statutory attorney's fee awards to be in effect *automatically* found to be diverse and negate the need for such cases to meet any the jurisdictional minimum at all.

Tuesday Morning, in the Response (Doc. 10) to the Order to Show Cause issued by the Court, provided no evidence or estimate of the fees to be incurred by Plaintiff's attorney. In Tuesday Morning's Response to Plaintiff's Motion to Remand (Docs. 15, 21), Tuesday Morning filed an affidavit of an experienced Orlando employer-side practitioner (Doc. 15-1) opining that Plaintiff's fees, based on 350 attorney hours and 200 paralegal hours, would total the somewhat astounding sum of $119,750. *Compare Gavronsky v. Walgreen Co.*, 2010 WL 717485 (M.D. Fla. Feb. 26, 2010) (finding amount in controversy met partially based on reasonable hourly rate of $200 to $250 for attorneys admitted to the Florida Bar; and estimates from defendant's evidence that plaintiff's counsel would incur $57,000 in fees for answering written discovery, defending depositions, responding to summary judgment, and for trial of the case); *see also Loos v. Club Paris, LLC*, 731 F.Supp.2d 1324 (M.D. Fla. 2010) (awarding attorney's fees of $21,912 for 59 hours of work). In rendering that opinion, the fee expert cites a significant fee award from a case with the same Plaintiff's attorneys as in this case, *EEOC v. Federal Express*, Case No. 6:02-cv-1112-Orl-28DAB (M.D. Fla. Nov. 10, 2006), however, the *Federal Express* fee award was hardly typical of an employment discrimination case, in that it "encompassed well over a five and a half year period." *See* Doc. 187 at 21 in Case No. 6:02-cv-1112. The burden on removal to satisfy the jurisdictional amount was on Tuesday Morning, who failed to set forth in the Notice of Removal the underlying facts supporting its assertion that Plaintiff's claims, more likely than not, met the jurisdictional minimum. *See Williams*, 269 F.3d at 1320. Although given the opportunity to do so in response to the Order to Show Cause, Tuesday Morning also has failed to supply the underlying facts from Plaintiff's payroll records in its Response (Doc. 10), or in its Response to Plaintiff's Motion to Remand (Docs. 15, 31).

Tuesday Morning presented no evidence of Plaintiff's projected damages for loss of income, or relevant salary information, and cited cases inapposite to Plaintiff's. Courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand. *See Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). Accordingly, Tuesday Morning having failed to meet its burden on removal, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Remand be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 26, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy