UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELLE L. MITCHELL,

        Plaintiff,

-vs-                                                  Case No. 6:10-cv-1913-Orl-22DAB

TUESDAY MORNING, INC.,

        Defendant.
_____

## ORDER

This cause comes before the Court for consideration of Plaintiff Michelle L. Mitchell's Amended Motion to Remand (Doc. No. 21), filed on March 3, 2011. United States Magistrate Judge David A. Baker has submitted a Report and Recommendation ("R & R") recommending that the motion be granted. After an independent de novo review of the record in this matter, including the objections filed by Defendant Tuesday Morning, Inc. ("Tuesday Morning"), the Court agrees entirely with the findings of fact and conclusions of law in the R & R.

Mitchell alleges pregnancy discrimination, hostile work environment, and retaliation in violation of the Florida Civil Rights Act. Tuesday Morning removed this case on the basis of diversity jurisdiction, but Judge Baker was not satisfied that it could demonstrate the amount in controversy requirement and ordered Tuesday Morning to show cause why the case should not be remanded. (Doc. No. 5.) Tuesday Morning filed a response on January 6, 2011. (Doc. No. 10.) Mitchell later filed a motion to remand.

1

Tuesday Morning, as the party who removed the case to federal court, bears the burden to prove that federal jurisdiction exists. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).

Tuesday Morning argued in opposition to Mitchell's amended motion to remand that it met the amount in controversy requirement because (1) Mitchell alleges damages for back pay, front pay, compensatory damages, punitive damages, and attorney's fees; and (2) courts have affirmed damage awards in excess of $75,000.00 to similar civil rights plaintiffs. (Doc. No. 31.) Judge Baker's R & R concludes that Tuesday Morning offered insufficient evidence regarding the amount of damages and that Tuesday Morning cited cases with distinguishable facts; thus, it failed to carry its burden to establish the amount in controversy.

The Court agrees with Judge Baker that Tuesday Morning has not met its burden to prove the amount in controversy by a preponderance of the evidence. Tuesday Morning did not submit evidence establishing the amount of damages for back pay and front pay. Regarding compensatory and punitive damages, Tuesday Morning submitted cases with factual situations different from Mitchell's. As Judge Baker explains, "Tuesday Morning has failed to supply the Court with published precedent or any other evidence showing that the damages in similar cases exceeded the jurisdictional threshold." (Doc. No. 34 p. 5.) Only by engaging in speculation could the Court conclude that the amount in controversy exceeds $75,000.00.

Tuesday Morning's objections repeat the arguments it previously set forth in its response in opposition to the motion to remand. Tuesday Morning asserts that Plaintiff's refusal to stipulate to claimed damages below the jurisdictional threshold, though acknowledging that this is not dispositive, should be taken into account. (Doc. No. 35 p. 9.) As Judge Baker explained, courts have rejected similar arguments when such refusal is the only factor relied upon by defendants. *Williams*, 269 F.3d at 1320. Here Tuesday Morning asserts that Mitchell has also "twice-crafted her Complaint to avoid this Court's jurisdiction" and has added another count. (Doc. No. 35 p. 9.) The Court does not find that these additional factors support Tuesday Morning's contention that the amount in controversy requirement is met.

Tuesday Morning also asserts that the Magistrate Judge overlooked the cases it cited that have similar fact patterns to the instant case.The Court agrees with Judge Baker's discussion of the cases Tuesday Morning cites and notes that courts routinely do not discuss every case cited in parties' briefs. Moreover, Tuesday Morning is in effect arguing that the amount in controversy requirement is satisfied in any case where a plaintiff alleges civil rights violations and damages in the form of back pay, front pay, compensatory damages, and punitive damages.Finally, the Court also agrees with Judge Baker's assertion that Tuesday Morning's evidence regarding attorney's fees is insufficient to carry its burden on removal.

In conclusion, although Tuesday Morning was presented with the opportunity to submit evidence to demonstrate the amount in controversy, it has failed to do so. Thus, this case will be remanded to the Circuit Court of the Eighteenth Circuit in and for Seminole County, Florida.

Based on the foregoing, it is ORDERED as follows:

1. The Report and Recommendation filed on April 26, 2011 (Doc. No. 34), is ADOPTED and CONFIRMED and made a part of this Order.

2. Defendant Tuesday Morning, Inc.'s Objection to the Report and Recommendation (Doc. No. 35), filed on May 10, 2011, is OVERRULED.

3. Plaintiff Michelle L. Mitchell's Amended Motion to Remand (Doc. No. 21), filed on March 3, 2011, is GRANTED.

4. This case shall be remanded to the Circuit Court of the Eighteenth Circuit in and for Seminole County, Florida. The clerk shall mail a certified copy of the order of remand to the Eighteenth Circuit.

5. The Clerk is directed to CLOSE this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida, on June 21, 2011.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

United States Magistrate Judge
Circuit Court of the Eighteenth Circuit in and for Seminole County, Florida
Counsel of Record